DREW, Justice.
As a result of an injury allegedly arising out of and in the course of his employ *294 ment, Donald Lewis, Petitioner, filed his claim and applied for a hearing before the Judge of Industrial Claims. Sperry Auto Sales, Respondent Employer, received notice of the claim and of the hearing but failed to attend. A compensation order was thereupon duly entered finding that the Florida Industrial Commission had jurisdiction of the claim, that the employer was not exempt from Chapter 440, Florida Statutes, F.S.A., and that there was not “on file with the Florida Industrial Commission a notice that the employer had rejected the act.”
The employer filed a timely application for review, asserting that the compensation order was void because the Judge of Industrial Claims was without jurisdiction because it had filed a Notice of Rejection pursuant to Section 440.05, Florida Statutes, F.S.A., and that such notice had been on file with the Industrial Commission since the year 1954, long before the date of the alleged industrial accident.[1] The Industrial Commission thereupon, without notice to Claimant, vacated the compensation order and remanded the cause to the Judge of Industrial Claims:
[S]o that he may receive in evidence the said Certificate of the Director of the Workmen’s Compensation Division, to which is attached a copy of the Employer’s Notice to Reject, and afford the parties an opportunity to submit further evidence on the question of whether the employer had elected not to accept the provision of Chapter 440, Florida Statutes, pursuant to Section 440.05, Florida Statutes, and had complied with the requirements thereof with respect to the posting of notice.
Under the circumstances, the remand to the Judge of Industrial Claims “for further proceedings” [2] was clearly in the interest of justice and afforded all parties an opportunity to develop the true facts. While the better practice would have been to have given notice to the parties and afforded them a hearing on the question of vacating the compensation order and remanding the cause, we must conclude that such action did not, under the circumstances, constitute a material departure from the essential requirements of the law.
Certiorari denied.
ERVIN, C. J., and ROBERTS, ADKINS and BOYD, JJ., concur.

. The record here contains a copy of “Employers Notice to Reject” dated October 19, 1954, which was on file with the Industrial Commission.

. “[T]he commission shall consider the matter upon the record * * * and shall thereafter affirm, reverse or modify said compensation order, or remand the claim for further proceedings * * (emphasis added) Fla.Stat. § 440.25(4) (d), F.S.A.